UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL GONZALEZ, on behalf of himself and all other persons similarly situated, known and unknown, </br></br> Plaintiff, </br></br> v. </br></br> CILANTRO TACO GRILL CORP., CILANTRO TACO GRILL ADDISON, LLC, CILANTRO TACO GRILL ROSEMONT, LLC, and CILANTRO TACO GRILL ELGIN, LLC, </br></br> Defendants. | Case No. </br></br> Judge |

## COMPLAINT

Plaintiff Manuel Gonzalez ("Plaintiff"), through his attorneys, on behalf of himself and all other persons similarly-situated, known and unknown, for his Complaint against Cilantro Taco Grill Corp., Cilantro Taco Grill Addison, LLC, Cilantro Taco Grill Rosemont, LLC, and Cilantro Taco Grill Elgin, LLC (hereinafter "Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff and other similarly-situated persons.

2. During one or more individual work weeks during the prior three years, Plaintiff and other similarly-situated hourly employees worked for Defendants in excess of forty (40) hours per week but were not paid overtime at a rate of one and one-half times their regular rates of pay.

3. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. §

216(b). Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime lawsuit is attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's FLSA claim, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

7. Plaintiff resides in and is domiciled in this judicial district.

8. Defendant Cilantro Taco Grill Corp. is an Illinois corporation. Defendant Cilantro Taco Grill Corp. is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

9. Defendant Cilantro Taco Grill Corp. is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

10. During the last three years, Defendant Cilantro Taco Grill Corp.'s annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

11. During the course of his employment with Defendant Cilantro Taco Grill Corp., Plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

12. Defendant Cilantro Taco Grill Corp. is Plaintiff's "employer" as that term is defined

by the FLSA. 29 U.S.C. § 203(d).

13. Defendant Cilantro Taco Grill Corp. is Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

14. Plaintiff is Defendant Cilantro Taco Grill Corp.'s "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

15. Plaintiff is Defendant Cilantro Taco Grill Corp.'s "employee" as defined by the IMWL. 820 ILCS 105/3(d).

16. Defendant Cilantro Taco Grill Addison, LLC is an Illinois corporation. Defendant Cilantro Taco Grill Addison, LLC is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

17. Defendant Cilantro Taco Grill Addison, LLC is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

18. During the last three years, Defendant Cilantro Taco Grill Addison, LLC's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

19. During the course of his employment with Defendant Cilantro Taco Grill Addison, LLC, Plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

20. Defendant Cilantro Taco Grill Addison, LLC is Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

21. Defendant Cilantro Taco Grill Addison, LLC is Plaintiff's "employer" as defined by the IMWL 820 ILCS 105/3(c).

22. Plaintiff is Defendant Cilantro Taco Grill Addison, LLC's "employee" as that term

is defined by the FLSA. 29 U.S.C. § 203(e)(1).

23. Plaintiff is Defendant Cilantro Taco Grill Addison, LLC's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

24. Defendant Cilantro Taco Grill Rosemont, LLC is an Illinois corporation. Defendant Cilantro Taco Grill Rosemont, LLC is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

25. Defendant Cilantro Taco Grill Rosemont, LLC is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

26. During the last three years, Defendant Cilantro Taco Grill Rosemont, LLC's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

27. During the course of his employment with Defendant Cilantro Taco Grill Rosemont, LLC, Plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

28. Defendant Cilantro Taco Grill Rosemont, LLC is Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

29. Defendant Cilantro Taco Grill Rosemont, LLC is Plaintiff's "employer" as defined by the IMWL 820 ILCS 105/3(c).

30. Plaintiff is Defendant Cilantro Taco Grill Rosemont, LLC's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

31. Plaintiff is Defendant Cilantro Taco Grill Rosemont, LLC's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

32. Defendant Cilantro Taco Grill Elgin, LLC is an Illinois corporation. Defendant

Cilantro Taco Grill Elgin, LLC is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

33. Defendant Cilantro Taco Grill Elgin, LLC is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

34. During the last three years, Defendant Cilantro Taco Grill Elgin, LLC's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

35. During the course of his employment with Defendant Cilantro Taco Grill Elgin, LLC Plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

36. Defendant Cilantro Taco Grill Elgin, LLC is Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

37. Defendant Cilantro Taco Grill Elgin, LLC is Plaintiff's "employer" as defined by the IMWL 820 ILCS 105/3(c).

38. Plaintiff is Defendant Cilantro Taco Grill Elgin, LLC's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

39. Plaintiff is Defendant Cilantro Taco Grill Elgin, LLC's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

**BACKGROUND FACTS**

40. Defendants operate multiple restaurants throughout the Chicago metropolitan area that operate under the name "Cilantro Taco Grill," including the following:

    a. Cilantro Taco Grill - Stone Park
       1500 North Mannheim Road

      b. Cilantro Taco Grill - Addison
         503 West Lake Street

      c. Cilantro Taco Grill - Rosemont
         9509 West Higgins Road

      d. Cilantro Taco Grill - Elgin
         512 Waverly Drive

41. All the restaurants identified in paragraph 40, operate as a unified operation and a common enterprise, with a common business purpose.

42. From approximately June 2013 until approximately December 2013, Plaintiff worked at Defendant Cilantro Taco Grill Corp. as a cook and/or food preparer.

43. From approximately January 2014 until the present, Plaintiff has worked for Defendant Cilantro Taco Grill Rosemont, LLC as a cook and/or food preparer.

44. Plaintiff has also worked for Defendant Cilantro Taco Grill Addison, LLC and Cilantro Taco Grill Elgin, LLC as a cook and/or food preparer.

45. During the last three years, other similarly-situated hourly employees worked for Defendants at one or more of the four restaurant locations. For example, cooks from other locations were assigned to work at the Rosemont location with Plaintiff when the Rosemont cooks took vacations or when it was necessary to cover a cook who called off.

46. Defendants are all commonly owned and operated by Cuahatemoc Morfin and members of Mr. Morfin's family.

47. Cuahatemoc Morfin hired the managers at all four of Defendants' locations.

48. The four restaurants advertise using a common website: www.cilantrotg.com.

49. Defendants perform related activities in which they serve food to the public using the same menu, operating in the same or similar manner, and advertise collectively under the name "Cilantro Taco Grill".

50. Defendants have the same business purpose.

51. Defendants use the same vendors and suppliers.

52. The four restaurants operated by Defendants share goods and supplies between locations. For example, the slow cooked pork ("carnitas") sold at all four locations is prepared at the Elgin location and distributed to the other three locations.

53. At all times relevant hereto, Plaintiff and other similarly-situated hourly employees were not exempt from the overtime provisions of the FLSA and the IMWL.

54. In one or more weeks during the prior three (3) years, Plaintiff worked for one or more Defendants in excess of forty (40) hours in an individual work weeks.

55. For example, Plaintiff customarily works approximately fifty-eight (58) hours per week. Plaintiff regularly works six (6) days a week: Monday through Friday from approximately 7:30 am to 5:30 pm and Saturdays from 8:00 am to 4:30 pm. See, e.g., Exhibit B.

56. In one or more weeks during the prior three (3) years, Defendants did not pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay when he worked more than forty (40) hours per work week.

57. In one or more weeks during the prior three (3) years, Defendants did not pay other hourly employees overtime pay at a rate of one and one-half times their regular rates of pay when they worked more than forty (40) hours per work week.

58. Instead, Plaintiff and other hourly employees were paid their straight time regular rate for all time worked.

### COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Plaintiff on his own behalf and on behalf of similarly situated employees)

Plaintiff hereby realleges and incorporates paragraphs 1 through 58 of this Complaint, as

if fully set forth herein.

59. This count arises from Defendants' willful violation of the FLSA, 29 U.S.C. § 201 *et seq.,* for their failure to pay Plaintiff and other similarly-situated hourly employees overtime wages at a rate of one and one-half times their regular rate of pay for all time worked over forty (40) hours during individual work weeks.

60. In one or more work weeks during the prior three years, Plaintiff and similarly-situated employees worked for Defendants in excess of forty (40) hours per week.

61. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular rate of pay for all time he worked in excess of forty (40) hours during individual work weeks.

62. In one or more work weeks during the last three (3) years, Defendants did not pay Plaintiff one and one-half times his regular rate for the time he worked over forty (40) hours in individual work weeks, and instead paid him his straight time regular rate for all time worked.

63. Pursuant to 29 U.S.C. § 207, other similarly-situated hourly employees were entitled to be compensated at a rate of one and one-half times their regular rates of pay for all time they worked in excess of forty (40) hours during individual work weeks.

64. In one or more work weeks during the last three (3) years, Defendants did not pay similarly-situated hourly employees one and one-half times their regular rates of pay for all time worked over forty (40) hours in individual workweeks, and instead paid them at their straight time regular rates for all time worked.

65. Defendants violated the FLSA by failing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

66. Defendants violated the FLSA by failing to pay similarly-situated employees

overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

67. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff and other similarly-situated employees have suffered a loss of income and other damages. They are entitled to liquidated damages and attorneys' fees and costs incurred in pursing this claim.

WHEREFORE, Plaintiff and other similarly-situated employees pray for a judgment against Defendants as follows:

A. designation of this action as a collective action and prompt issuance of notice to similarly-situated employees pursuant to 29 U.S.C. § 216(b) appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. judgment in the amount of the overtime wages owed to Plaintiff and all other similarly-situated employees who join this lawsuit;

C. liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. reasonable attorneys' fees and costs incurred in the filing and prosecution of this action; and

E. such other and further relief as this Court deems just and proper.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Plaintiff individually)

Plaintiff hereby realleges and incorporates paragraphs 1 through 67 of this Complaint, as if fully set forth herein.

68. This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours during individual work weeks.

69. During the prior three years, Defendants required Plaintiff to work more than forty (40) hours in one or more individual work weeks.

70. For all time worked in excess of forty (40) hours in an individual work week, Plaintiff was entitled to be paid one and one-half times his regular rate of pay.

71. Defendants did not pay Plaintiff overtime at one and one-half times his regular rate, and instead paid Plaintiff his straight time regular rate for all time worked over forty (40) hours during one or more individual work weeks.

72. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover overtime wages for up to three years prior to the filing of this lawsuit, plus punitive damages in an amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. judgment in the amount of all overtime wages to Plaintiff under the IMWL;

B. punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. reasonable attorneys' fees and costs incurred in the filing and prosecution of this action as provided in 820 ILCS 105/12(a); and

D. such other and further relief as this Court deems just and proper.


Respectfully submitted,

Dated: August 21, 2015      s/Douglas M. Werman
                            One of Plaintiff's Attorneys


Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff